# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JOSEPH J. CAMPUS, IV,**

      **Plaintiff,**

v.                                              **Case No.: 3:07cv275/MCR/MD**
                                                        **(Consolidated)**[1]

**HOLIDAY ISLE, LLC, an**
**Alabama limited liability company,**

      **Defendant.**

_____/

## O R D E R

      Plaintiff's complaint, which was initially filed in state court, contains two claims under § 1703(a) of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701 et seq, and one for breach of contract. Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction. Pending before the court are plaintiff's Motion for Remand to State Court (doc. 14) and defendant's Amended Motion to Transfer or in the Alternative to Compel Arbitration (doc. 13). Because "[f]ederal courts are courts of limited jurisdiction," courts are "required to inquire into their jurisdiction at the earliest possible point in the proceeding." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citing Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999)). Thus, this court must first consider plaintiff's Motion to Remand and may only consider defendant's Amended Motion to Transfer or in the

---

[1] The following cases were consolidated with the instant case on September 7, 2007 (doc. 25), pursuant to Rule 42(a), Fed. R. Civ. P.: Joseph J. Campus, III v. Holiday Isle, LLC, 3:07cv276/MCR/MD; Alan L. McLeod, Jr. v. Holiday Isle, LLC, 3:07cv277/MCR/MD; Robert Tortajada, Sr. v. Holiday Isle, LLC, 3:07cv298/MCR/MD; Greg Woodfin v. Holiday Isle, LLC, 3:07cv299/MCR/EMT; Charles L. Campbell v. Holiday Isle, LLC, 3:07cv300/MCR/EMT; and Reclaro, Inc. v. Holiday Isle, LLC, 3:07cv301/MCR/EMT.

Alternative to Compel Arbitration if remand is not ordered. The court has reviewed the plaintiff's complaint and the relevant case law and finds that remand is required.[2]

Under the general removal statute, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed by a defendant to federal court "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a).[3] Therefore, unless "there is an express declaration by Congress to the contrary, all types of civil action, in which there is concurrent original jurisdiction in both federal and state courts, are removable." Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 460 (5th Cir. 1982). Plaintiff's action could have originally been brought in federal court based on federal question jurisdiction (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332), as well as the jurisdiction conferred by the ILSA itself (15 U.S.C. § 1719), which "establishes concurrent jurisdiction in the district courts and state courts." Eaton v. Dorchester Development, Inc., 692 F.2d 727, 728 n.2 (11th Cir. 1982). Accordingly, Plaintiff's action may be removed under § 1441(a) unless Congress has expressly barred removal.

---

[2] The motions to remand and transfer in each of the consolidated cases are identical. Thus, while the court will refer in this order only to the plaintiff named in the lead case and will refer to "plaintiff" rather than "plaintiffs," this order and the court's reasoning equally applies to each of the consolidated cases.

[3] Section 1441 provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. "Paragraphs (a) and (b) of § 1441 must be read together." Monroe v. United Carbon Co., 196 F.2d 455, 456 (5th Cir. 1952). "Section 1441(a) provides for removal of actions generally, and § 1441(b) limits a defendant's ability to remove actions from a state court to situations where the defendant is not a citizen of the state in which such action is brought." Thompson v. Merrell Dow Pharmaceuticals, Inc., 766 F.2d 1005, 1006 (6th Cir. 1985).

The ILSA provides that "[n]o case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States, except where the United States or any officer or employee of the United States in his official capacity is a party." 15 U.S.C. § 1719. Both the Eleventh Circuit Court of Appeals and the United States Supreme Court have recognized § 1719 as an example of an Act of Congress expressly barring the removal of cases brought in state court. See Breuer v. Jim's Concrete of Brevard, Inc., 292 F.3d 1308, 1310 (11th Cir. 2002) (citing § 1719 as an example of a statute in which "Congress has expressly prohibited removal"), aff'd 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003) (citing § 1719 as an example of an "indisputable prohibition[] of removal"). The plaintiff in this case brought this action in state court and neither the United States nor any officer or employee of the United States in his official capacity is a party to the suit. Thus, under § 1719, defendant was barred from removing this case to federal court.

Defendant's arguments to the contrary are unavailing. First, defendant argues that § 1719 only bars removal on the basis of federal question jurisdiction and does not prohibit removal premised on diversity jurisdiction. Section 1441's caveat that civil actions can be removed "[e]xcept as otherwise expressly provided by Act of Congress," however, is not limited to cases removed on the basis of federal question jurisdiction, but rather bars removal of "any civil action . . . of which the district courts of the United States have jurisdiction." Defendant also argues that this action was properly removed pursuant to § 1441(c) because its breach of contract claim is separate and independent of its claims under the ILSA. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). In this case, even assuming plaintiff's breach of contract claim is separate and independent of plaintiff's claims under the ILSA, the breach of contract claim

does not involve a federal question "within the jurisdiction conferred by" 28 U.S.C. § 1331, as is required for removal of a case under § 1441(c).[4]

Removal of this case is barred by § 1719. Accordingly, the court lacks subject matter jurisdiction over the action and must order remand. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, because the court lacks subject matter jurisdiction over the case it will not consider the defendant's Amended Motion to Transfer or in the Alternative to Compel Arbitration.

Plaintiff has also requested costs and actual expenses, including attorney's fees, in connection with the motion to remand. Pursuant to 28 U.S.C. § 1447(c), upon ordering remand this court may, in its discretion, award just costs and actual expenses, including attorney fees, incurred as a result of the removal, to the party opposing removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 134, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005); 28 U.S.C. § 1447(c)) (stating that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Although a plaintiff is not required to prove that the removal was in bad faith in order to be awarded costs and fees under § 1447(c), the trial court need not grant an award of costs and fees whenever an effort to remove fails. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). Nevertheless, the award of costs and fees is proper when the removal notice lacks an objectively reasonable basis and the court finds that the removal prolonged the litigation or imposed costs on the plaintiff. Hansard v. Forsyth County, GA, 191 Fed.Appx. 844, 847 (11th Cir. 2006); see 14C Charles Alan and Arthur R. Miller, Federal Practice and Procedure, § 3739 ("The district court will be inclined to order the payment of costs under Section 1447(c) when the non-removability of the action should have been obvious . . . .").

---

[4] Defendant is correct in arguing that the court would otherwise have original jurisdiction to hear plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000. Section 1719, however, provides that "no case" arising under the ILSA can be removed. 15 U.S.C. § 1719; see also 28 U.S.C. § 1441(a) (prohibiting removal of the "civil action" if "expressly provided by Act of Congress"). Plaintiff's entire civil action, therefore, is barred from removal even if the court would otherwise have jurisdiction to hear one of plaintiff's claims.

In the instant case, the court finds that defendant's decision to attempt removal was not an objectively reasonable one: the non-removability of the action should have been obvious to the defendant at the outset due to the complete bar to removal plainly set forth in 15 U.S.C. § 1719 and the precedent cited above from both the Eleventh Circuit and the United States Supreme Court.  Additionally, the court finds that the removal resulted in increased costs and expenses to the plaintiff in the form of attorney's fees for having to file the motion to remand.

Accordingly, it is ORDERED:

1)  Plaintiff's Motion for Remand to State Court (doc. 14) is GRANTED and the case is remanded to the Circuit Court of Escambia County, Florida.

2) Defendant's Amended Motion to Transfer or in the Alternative to Compel Arbitration (doc. 13) is DENIED as moot.

3) The clerk is directed to enter this order in each of the consolidated cases.  See supra note 1.

4)  The court retains jurisdiction over the issue of costs and attorney's fees. Plaintiffs shall file the appropriate documentation and evidence in support of their claim for costs and fees within fourteen (14) days, as required by Local Rule 54.1(E).  See N.D. Fla. Loc. R. 54.1(E).

DONE AND ORDERED on this 20th day of November, 2007.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**